FILED
January 05, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUVENCIO SALAZAR PUENTES, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-25-CV-1772-OLG |
| § | |
| PAMELA J. BONDI *et al.*, § | |
| Respondents. § | |

## **O R D E R**

Pending before the Court in this habeas proceeding are Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 5) and Emergency Motion Requesting Prompt Ruling on Petitioner's Habeas Corpus Petition and Temporary Restraining Order (Dkt. No. 7), filed on December 20, 2025, and December 30, 2025, respectively.

The emergency injunctive relief Petitioner seeks is identical to the ultimate relief sought on the merits of this already-expedited habeas proceeding. In that posture, this Court and others have denied such motions and proceeded directly to the merits of the habeas petition itself. *See Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG, Order Denying Motion for TRO and Preliminary Injunction, (W.D. Tex. Oct. 30, 2025) (collecting cases); *Chambliss v. Ashcroft*, No. 3:04-CV-298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommending preliminary injunction be denied and habeas briefing be expedited because the preliminary relief was "the same as the relief sought through the habeas petition"), *report and recommendation adopted*, No. CIV.A. 3:04-CV-298D, 2005 WL 724206 (N.D. Tex. Mar. 30, 2005). Furthermore, prompt resolution is already contemplated by the nature of the writ itself. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." (emphasis

added)); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) ("[T]he office of the writ is to provide a prompt and efficacious remedy, . . . . [and] must not be allowed to founder in procedural morass." (citation modified)).

Accordingly, the Motions (Dkt. Nos. 5; 7) are **DENIED**. The Court will promptly resolve the merits of this case upon receipt of Respondents' response.[1]

**IT IS SO ORDERED**.

**SIGNED** this 5th day of January, 2026.

                                                    ORLANDO L. GARCIA
                                                  United States District Judge

---

[1] Petitioner asserts that Respondents have failed to timely respond to his Petition. *See* Dkt. No. 7 at 1. That is not so. The Court provided Respondents five days from the date of service to respond to the Petition. *See* Dkt. No. 3 at 2. Respondents were served on Monday, December 29, 2025. *See* Dkt. Nos. 4; 8. Five days from that date is Saturday, January 3, 2026. When the last day of a period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C). Therefore, Respondents have until the end of today, Monday, January 5, 2026, to respond to the Petition.