FILED
January 13, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUVENCIO SALAZAR PUENTES, § | |
| Petitioner, § | |
| v. § | CIVIL NO. SA-25-CV-1772-OLG |
| PAMELA J. BONDI *et al.*, § | |
| Respondents. § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Juvencio Salazar Puentes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Preliminary Injunctive Relief (Dkt. No. 1), to which Respondents have responded (Dkt. No. 9), and Petitioner has replied (Dkt. No. 14).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner is a native and citizen of Mexico who entered the United States without inspection in 2004. *See* Dkt. Nos. 1 at 1; 9 at 2; 9-1 at 1. This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, therefore, entitled to a bond redetermination before an immigration judge. *See* Dkt. Nos. 1 at 6, 8; 9 at 5–7.

Having already resolved this question against Respondents' position in other habeas cases,[1] the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. Dkt. No. 3 at 2. On January 12, 2026, Respondents advised that they could identify no "material differences between the facts in this case and those presented in *Mendoza Euceda* and *Rahimi*." Dkt. No. 13 at 1.[2]

Accordingly, given the absence of any material difference between this case and *Mendoza Euceda* and *Rahimi*, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.

Petitioner Juvencio Salazar Puentes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Preliminary Injunctive Relief (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

This case is **CLOSED.**

---

[1] *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025); *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025); *see also Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025).

[2] Indeed, the Court notes that Respondents here cite the same jurisdiction-stripping provisions of the INA—i.e., 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(4)—that the Court has already addressed and found to be inapplicable in cases like this one. *See* Dkt. No. 9 at 6–7; *Perez-Puerta*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus; *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus; *Mendoza Euceda*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus.

It is so **ORDERED**.

**SIGNED** this  13  day of January, 2026.

_____
ORLANDO L. GARCIA
United States District Judge